```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA        :
                                :    No. 3:05 Cr. 50 (RNC)
     - v. -                     :
                                :
JEFFREY LERMAN,                 :
    a/k/a "asdgadg," a/k/a      :
    "kall," a/k/a "ht," a/k/a   :
    "reg,"                      :
                                :    August 6, 2007
            Defendant.          :
```

### AFFIDAVIT OF CASEY R. HARRINGTON

I, Casey R. Harrington, do hereby declare as follows:

1. I am a Special Agent assigned to the New Haven Division of the Federal Bureau of Investigation ("FBI"), and have been so employed since November, 2005. I am currently assigned to the New Haven FBI's Computer Crimes Task Force. Since joining the FBI, I have been involved in investigations related to Internet fraud, copyright infringement, and crimes against children. Before reporting to the New Haven field office of the FBI, I trained for 18 weeks at the FBI Academy in Quantico, Virginia. During that time I received specialized training on various topics including Constitutional Law, Ethics, Investigative Techniques and Interviewing.

2. I am submitting this affidavit in connection with the sentencing of defendant Jeffrey Lerman, who has pled guilty to one count of conspiracy to commit copyright infringement. The purpose of this affidavit is to provide a factual basis for the

loss amount that was agreed upon by the parties and set forth in defendant's plea agreement.  The information in this affidavit is based on my review of file transfer log files and on information from the case file and information that has been provided to me by others involved in this investigation.

       3.   During the course of the Government's investigation, a cooperating witness downloaded file transfer log files from various computer servers that were used during the course of the conspiracy.  The log files, which were generated automatically by the file transfer programs being used, recorded information about each file transfer, including the date and time of the transfer, the name of the file transferred, and the account name (or "nickname") of the user involved in the transfer.

       4.   The retail value of some, but not all, of the copyrighted works found on the various computer servers has been obtained from the Business Software Alliance ("BSA"), an industry consortium including Microsoft, Borland, Adobe, and other major software vendors.  Using the known retail value of those copyrighted works, and estimating the value of the other copyrighted works, I have prepared the attached spreadsheet summarizing several measures of the loss amount attributable to the defendant.

5. It is clear from the spreadsheet that the estimated values used by the Government are extremely conservative: $10 per movie, $20 per game, etc. For example, looking at the value of all transfers with known valuation, 11,139 copyrighted works were transferred with a known value of $8,772,448. By way of comparison, using the Government's estimated valuations, 246,528 copyrighted works (without a known valuation) were transferred with an estimated value of $7,340,360.

6. The attached spreadsheet lists the seven servers (a) on which the defendant was known to be active, and (b) for which file transfer logs are available. For each of the seven servers, the dates during which the defendant was active are shown.

7. The first measure of loss amount, under the column "LERMAN XFERS," measures the value of the copyrighted works that the defendant was directly responsible for transferring, totaling **$31,491.** That loss amount was computed by adding the known valuation of the copyrighted works with known values to the estimated valuation of the copyrighted works without known values.

8. The second measure of loss amount, under the column "ALL XFERS," measures the value of all copyrighted works transferred during the dates during which the defendant was

active on each specific server, totaling **$16,112,808.** Again, that loss amount was computed by adding the known valuation of the copyrighted works with known values to the estimated valuation of the copyrighted works without known values -- but in this case, all transfers were included, not only the transfers for which the defendant was directly responsible.

       9.   The third measure of loss amount, under the column "SERVER VALUE," measures the value of each server on which the defendant was known to be active. The value of each server was based only on the known valuation of copyrighted works found on the server, without adding any estimated valuation for other copyrighted works on the server. For example, on the site F00Mirror, there were approximately 42,488 games, movies, software, and other titles. The value of 169 of those titles was obtained from BSA, yielding a total value of $355,113. The total value of the seven servers on which the defendant was known to be active was **$636,486**.

      Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief.

                /s/ Casey R. Harrington
                Casey R. Harrington
                Special Agent
                Federal Bureau of Investigation

## Value of Transfers with Known Valuation

| Server | Start | End | LERMAN XFERS # files | value | ALL XFERS # files | value | SERVER VALUE value |
|---|---|---|---|---|---|---|---|
| doh | 4/26/2003 | 3/18/2004 | 15 | $ 1,258 | 1377 | $ 473,084 | $19,783 |
| ds | 6/18/2003 | 8/13/2003 | 16 | $ 549 | 1461 | $ 130,121 | $26,951 |
| F00Mirror | 6/4/2003 | 2/20/2004 | 9 | $ 1,925 | 2282 | $ 3,153,416 | $355,113 |
| FSDrop | 7/29/2002 | 11/24/2003 | 1 | $ 319 | 1704 | $ 1,509,566 | |
| fsiso | 9/4/2003 | 3/24/2004 | 3 | $ 1,797 | 882 | $ 1,826,621 | $20,535 |
| FSISOArchive | 8/8/2002 | 3/23/2004 | 6 | $ 3,704 | 965 | $ 1,008,394 | $185,500 |
| ucf | 9/4/2002 | 3/29/2004 | 33 | $ 10,184 | 2468 | $ 671,246 | $28,604 |
| | | | 83 | $ 19,736 | 11,139 | $ 8,772,448 | $636,486 |

## Value of Transfers with Estimated Valuation

| Server | Start | End | LERMAN XFERS # files | value | ALL XFERS # files | value | SERVER VALUE Type | Assigned amount |
|---|---|---|---|---|---|---|---|---|
| doh | 4/26/2003 | 3/18/2004 | 30 | $ 480 | 13264 | $ 264,017 | movie | 10 |
| ds | 6/18/2003 | 8/13/2003 | 6 | $ 70 | 1677 | $ 25,273 | game | 20 |
| F00Mirror | 6/4/2003 | 2/20/2004 | 24 | $ 1,200 | 89066 | $ 4,394,942 | software | 50 |
| FSDrop | 7/29/2002 | 11/24/2003 | 46 | $ 540 | 44909 | $ 721,859 | tv | 10 |
| fsiso | 9/4/2003 | 3/24/2004 | 90 | $ 1,560 | 33756 | $ 676,151 | music | 1 |
| FSISOArchive | 8/8/2002 | 3/23/2004 | 158 | $ 3,170 | 222256 | $ 488,478 | porn | 10 |
| ucf | 9/4/2002 | 3/29/2004 | 489 | $ 4,735 | 41600 | $ 769,640 | | |
| | | | 843 | $ 11,755 | 246,528 | $ 7,340,360 | | |

## TOTAL VALUE OF TRANSFERS

| Server | Start | End | LERMAN XFERS # files | value | ALL XFERS # files | value | SERVER VALUE value |
|---|---|---|---|---|---|---|---|
| doh | 4/26/2003 | 3/18/2004 | 45 | $ 1,738 | 14641 | $ 737,101 | $19,783 |
| ds | 6/18/2003 | 8/13/2003 | 22 | $ 619 | 3138 | $ 155,394 | $26,951 |
| F00Mirror | 6/4/2003 | 2/20/2004 | 33 | $ 3,125 | 91348 | $ 7,548,358 | $355,113 |
| FSDrop | 7/29/2002 | 11/24/2003 | 47 | $ 859 | 46613 | $ 2,231,425 | |
| fsiso | 9/4/2003 | 3/24/2004 | 93 | $ 3,357 | 34638 | $ 2,502,772 | $20,535 |
| FSISOArchive | 8/8/2002 | 3/23/2004 | 164 | $ 6,874 | 23221 | $ 1,496,872 | $185,500 |
| ucf | 9/4/2002 | 3/29/2004 | 522 | $ 14,919 | 44068 | $ 1,440,886 | $28,604 |
| | | | 926 | $ 31,491 | 257,667 | $ 16,112,808 | $636,486 |

CERTIFICATE OF SERVICE

Pursuant to Title 28, United States Code, Section 1746, and Rule 5(b) of the Local Civil Rules of the United States District Court for the District of Connecticut, I hereby certify that a copy of the document(s) listed below:

    Affidavit of Casey R. Harrington

was filed electronically and was served by facsimile on the following parties:

    Donald R. Schechter, Esq.
    Law Office of Donald R. Schechter
    80-02 Kew Gardens, suite 1030
    Kew Gardens, NY 11415

Notice of this filing will be sent by email to anyone unable to electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

    I certify under penalty of perjury that the foregoing is true and correct.

Dated:    August 6, 2007

                                          /s/ Edward Chang
                                          EDWARD CHANG